United States Court of Appeals
Fifth Circuit

**F I L E D**

July 19, 2006

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**
**for the Fifth Circuit**

No. 05-11147

In the Matter of NETWORK CANCER CARE, L.P.,

Debtor.

LLOYD WARD & ASSOCIATES, P.C.,

Appellant,

VERSUS

UNITED STATES TRUSTEE and DIANE REED,
Chapter 11 Trustee,

Appellee.

Appeal from the United States District Court
for the Northern District of Texas

(3:04-CV-2482)

Before DAVIS, BARKSDALE, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Network Cancer Care, L.P. ("Debtor") hired Appellant Lloyd Ward & Associates, P.C. ("Appellant") to perform bankruptcy-related legal services. Debtor paid Appellant $63,287.72 for these

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

services. However, the bankruptcy court for various reasons[2] ordered Appellant to disgorge the entire sum.

Appellant argued that the bankruptcy court lacked jurisdiction over the matter because the services were performed and payment was received after the confirmation of Debtor's reorganization plan. The plan was confirmed on September 26, 2003; the services were performed between October 14, 2003 and February 26, 2004; and the payments were received sometime thereafter.

The bankruptcy court held that it still had jurisdiction under 28 U.S.C. § 1334 because Appellant's services pertained to the implementation or execution of Debtor's plan of reorganization.[3] The district court affirmed the bankruptcy court's decision that it had jurisdiction under § 1334. This timely appeal followed.

Appellant presents to this Court the same jurisdictional argument it presented to the bankruptcy and district courts--*i.e.*, the bankruptcy court lacked jurisdiction because the services were performed and payment was received post-confirmation. We agree with both courts below that Appellant's argument is unpersuasive.

---

[2]Namely, the court found that (1) a serious conflict of interest existed between Debtor and Appellant's other clients, and (2) Appellant facilitated the improper sale of Debtor's primary asset.

[3]The bankruptcy court also found that it had jurisdiction under § 1334 because Appellant began performance prior to the reorganization plan's "effective date."  On appeal, the district court found it unnecessary to address that issue after finding that jurisdiction existed under the bankruptcy court's alternative reasoning. We find no error in the district court's analysis.

We are aware that a bankruptcy court's jurisdiction over a matter is more limited post-confirmation than it is pre-confirmation. *See Eljer Indus., Inc. v. Travelers Ins. Group Inc. (In re U.S. Brass Corp.*), 301 F.3d 296, 303-05 (5th Cir. 2002). Nevertheless, jurisdiction still exists post-confirmation for "matters pertaining to the implementation or execution of the plan." *Id.* at 304 (quoting *Bank of Louisiana v. Craig's Stores of Texas* (*In re Craig's Stores of Texas*), 266 F.3d 388, 390-91 (5th Cir. 2001)).

Without doubt, Appellant's services "pertained to the implementation or execution of" Debtor's plan of reorganization. *See id.* Debtor substituted Appellant as "COUNSEL FOR DEBTOR." At the time of substitution, Debtor, through representation by Appellant, advised the bankruptcy court that Appellant was being retained to deal with "[Debtor's] continued compliance with the [plan of reorganization], for which representation [was] necessary." From that point forward, all correspondence with Debtor related to its reorganization went through Appellant. Therefore, both courts below correctly determined that the bankruptcy court had jurisdiction over the matter under 28 U.S.C. § 1334.[4]

---

[4]Appellant also argues that some of the $63,287.72 was paid for services related to the sale of Debtor's primary asset. Those services, Appellant impliedly contends, did not pertain to the implementation or execution of the reorganization plan. We disagree. A matter pertains to the implementation or execution of the plan if it "impact[s] compliance with or completion of the reorganization plan." *See In re U.S. Brass*, 301 F.3d at 305. The

3

Finding no reversible error in this or any of the district court's other findings implicated in Appellant's challenges, we AFFIRM.

**AFFIRMED.**

---

bankruptcy court found that Debtor's sale of its primary asset, a sale facilitated by Appellant, was improper. This led to the bankruptcy court's revocation of Debtor's plan. Therefore, because the sale led directly to the plan's revocation, the services Appellant performed in relation to that sale clearly impacted compliance with and the completion of the plan.